**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Luis AGUILAR–ARRAIZA, a.k.a. Jose Luis Alvarez–Arraiza, a.k.a. Jose Luis Aguilera–Arraiza, a.k.a. Jose Luis Alvarez, a.k.a. Fernando Garza, a.k.a. Jose Luis Alvarez–Gutierrez, a.k.a. Jesse Luis Alvarez, a.k.a. Jose Alvarez, Defendant–Appellant.**

No. 10–13006
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 22, 2011.

Susan H. Rothstein–Youakim, A. Brian Albritton, David Paul Rhodes, Eduardo E. Toro–Font, U.S. Attorney's Office, Tampa, FL, for Plaintiff–Appellee.

Tracy N. Dacruz, Federal Public Defender's Office, Orlando, FL, A. Graham Allen, Adam Benjamin Allen, Donna Lee Elm, Federal Public Defender's Office, Tampa, FL, for Defendant–Appellant.

Before MARCUS, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Jose Luis Aguilar–Arraiza appeals the reasonableness of his sentence of imprisonment for 110 months following his plea of guilt to illegal re-entry into the United States after deportation for an aggravated felony. 8 U.S.C. § 1326(a), (b)(2). Aguilar–Arraiza's latest conviction followed four deportations in 1974, 1977, 1996, and 2007 and several earlier convictions. We affirm.

Our review of a sentence for reasonableness is a deferential standard of review for abuse of discretion. *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

Aguilar–Arraiza's sentence is reasonable. The district court correctly calculated the guideline range of 70 to 87 months and considered the statutory sentencing factors. 18 U.S.C. § 3553(a). The district court reasonably concluded that an upward variance was necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence. The district court did not abuse its discretion in sen-

tencing Aguilar–Arraiza to 110 months of imprisonment.

**AFFIRMED.**